PUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
         *Plaintiff-Appellee,*

v.                                              No. 03-6681

MICHAEL AARON LITTLE,
         *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-86-18-C; CR-87-19-C)

Argued: October 26, 2004

Decided: December 22, 2004

Before WILKINS, Chief Judge, WILLIAMS, Circuit Judge,
and Glen E. CONRAD, United States District Judge for the
Western District of Virginia, sitting by designation.

_____

Authorization denied to file a successive § 2255 motion; petition for
§ 2241 writ dismissed without prejudice by published opinion. Judge
Williams wrote the opinion, in which Chief Judge Wilkins and Judge
Conrad joined.

_____

## COUNSEL

**ARGUED:** Neal Lawrence Walters, Charlottesville, Virginia, for
Appellant. Douglas Scott Broyles, Assistant United States Attorney,
OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North

Carolina, for Appellee. **ON BRIEF:** Ethan Greene, Third Year Law Student, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Appellate Litigation Clinic, Charlottesville, Virginia, for Appellant. Robert J. Conrad, Jr., United States Attorney, Charlotte, North Carolina, for Appellee.

---

**OPINION**

WILLIAMS, Circuit Judge:

In a case presenting several procedural conundrums, Michael Little, a federal prisoner, appeals the district court's denial of his motion under former Federal Rule of Criminal Procedure 35(a) to correct an illegal sentence.[1] We construe Little's Rule 35(a) motion as a request to file a successive habeas petition under 28 U.S.C.A. § 2244 (West 1994 & Supp. 2004) and as a request for sentencing credit under 28 U.S.C.A. § 2241 (West 1994). We deny Little's request for authorization under § 2244 to file a successive motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 2004), and we dismiss Little's § 2241 claim without prejudice for Little to refile in the proper jurisdiction.

I.

Michael Little is a federal prisoner with a long history of litigation in this court.[2] Little originally pleaded guilty to one count of posses-

---

[1]Little was sentenced prior to the enactment of the United States Sentencing Guidelines. He brought this motion under former Federal Rule of Criminal Procedure 35(a), which is available to individuals whose offenses were committed prior to November 1, 1987. *See United States v. Landrum*, 93 F.3d 122, 125 (4th Cir. 1996). That Rule allowed an individual to bring a motion to correct an illegal sentence at any time. Rule 35(a) currently provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Because this appeal deals only with former Rule 35(a), our reference to Rule 35(a) in this opinion is to the former Rule.

[2]Prior to this case, Little had litigated five cases in this court relating to his conviction and sentence. *See United States v. Little*, No. 01-6355,

sion with intent to distribute cocaine, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999), on April 8, 1986, and was sentenced to ten years imprisonment. The April 1986 conviction stemmed from the seizure of 802.26 grams of cocaine and $87,740 in cash from Little's residence in Charlotte, North Carolina on January 10, 1986.

Almost a year later, on March 2, 1987, Little was indicted, along with fifteen other individuals, in a new forty-count indictment. Nineteen counts related to Little. Relevant here, Count One alleged that Little violated 21 U.S.C.A. § 846 (West 1999), by engaging in a conspiracy to possess with intent to distribute cocaine from May 1985 to April 1986; Count Thirty-Three charged Little with violating § 841(a)(1) by possessing with intent to distribute three and one-half kilograms of cocaine on January 10, 1986; and Count Forty charged Little with violating 21 U.S.C.A. § 848(a) (West 1999) by engaging in a Continuing Criminal Enterprise (CCE) from May 1985 to April 1986. The cocaine charged in Count Thirty-Three was seized from the residence of Gary Clark, one of Little's associates and codefendants.

Following a jury trial, on August 19, 1987, Little was convicted of all nineteen counts in the indictment and sentenced to thirty years imprisonment. The thirty-year sentence was to run concurrent with the time he was already serving for the April 1986 conviction. Little's convictions and sentences were affirmed on direct appeal. *See United States v. Wingate*, No. 87-5165, 1988 WL 83334 (4th Cir. Aug. 4, 1988) (unpublished).

Since then, Little has filed numerous motions seeking post-conviction relief. Although an extensive review of Little's endeavors is unnecessary, it suffices to note that the district court found the Rule 35(a) motion giving rise to this appeal, filed on June 17, 2002, was

2001 WL 574834 (4th Cir. May 29, 2001) (unpublished) (§ 2255 motion); *Little v. United States*, No. 99-6235, 1999 WL 587894 (4th Cir. Aug. 5, 1999) (unpublished) (§ 2241 writ); *United States v. Little*, No. 97-6897, 1997 WL 592815 (4th Cir. Sep. 24, 1997) (unpublished) (Fed. R. Crim. P. 35(a)); *United States v. Little*, No. 93-6823, 1994 WL 67860, (4th Cir. Mar. 4, 1994) (unpublished) (§ 2255 motion); *United States v. Wingate*, No. 87-5165, 1988 WL 83334 (4th Cir. Aug. 4, 1988) (unpublished) (direct appeal).

Little's seventh attempt at post-conviction relief.[3] Little's Rule 35(a) motion alleged (1) that his convictions and sentences for both Count One and Count Forty in 1987 were "illegal" within the meaning of Rule 35(a) in light of *Rutledge v. United States*, 517 U.S. 292, 307 (1996) (holding that double jeopardy precluded conviction for both conspiracy and engaging in a CCE when the conspiracy was used to prove the CCE); and (2) that the Bureau of Prisons (BOP) violated the Double Jeopardy clause by refusing to grant him sentencing credit for the one year served between the 1986 and 1987 convictions.[4] This latter claim was based on Little's contention that the same cocaine was used to support both his April 1986 conviction and Count Thirty-Three of the 1987 indictment.

On January 10, 2003, the United States District Court for the Western District of North Carolina issued an order denying Little's motion. Despite Little's denomination of the motion as one arising under criminal Rule 35(a), the district court construed it otherwise, finding that the claims were appropriately characterized as civil in nature. The district court first held that Little's request for one year of credit on his sentence arose under 18 U.S.C.A. § 3568[5] and should be denied because Little failed to exhaust his administrative remedies. The district court construed Little's *Rutledge* claim as a constitutional attack on his conviction and found that, because Little had previously filed

---

[3]Little's June 17 filing was misdocketed, and does not appear in the record. Little refiled the motion in November 2002. At the time Little refiled the motion he was housed in a federal medical center in Texas.

[4]Little's motion raised other claims not relevant on appeal. As mentioned, supra note 3, Little's original motion is not included in the record in this case; however, his supplemental motion illuminating his *Rutledge* claim is in the record. As discussed infra, the district court viewed Little's motion as raising two claims, one under *Rutledge* and one for sentencing credit.

[5]Section 3568 provides, in relevant part, "[t]he Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or act for which sentence was imposed." 18 U.S.C.A. § 3568. That section was replaced in the Sentencing Reform Act of 1984 by 18 U.S.C.A. § 3585(b) (West 2000), however, "[s]ection 3568 applies to offenses committed before November 1, 1987." *Randall v. Whelan*, 938 F.2d 522, 524 n. 2 (4th Cir. 1991).

§ 2255 motions, it lacked jurisdiction to consider Little's claim. Instead, the district court instructed Little to request authorization to file a successive § 2255 motion in this court. The district court also warned Little that he would be subject to monetary penalty if he continued filing frivolous motions.

The district court mailed its January 10 order to FCI Butner, Little's former address. Little, however, was at that time being housed at a federal medical center in Texas and the order was returned to the court as undelivered.[6] The district court resent the order, and Little received some correspondence from the district court on February 10, 2003. On February 12, 2003, Little sent a letter to the district court clerk, requesting an update on the status of his case. Little stated that, although he "received a ruling from the Court" on February 10, he believed that this order addressed one of his prior motions. He stated that "[t]o date no response has been received to [the Rule 35(a)] motion." (J.A. at 34A.) Little requested that the district court consider his Rule 35(a) motion and also noted that the court had sent recent correspondence to his former address. Little sent a similar letter to the district judge himself, stating that "you[ ] may have been subjected to reviewing a dated motion," and that "[a] more recent motion [,the Rule 35(a) motion], however, was filed on June 17, 2002." (J.A. at 34C.) On April 11, 2003, the district court mailed the January 10 order again, and Little received it on April 14, 2003. Seven days later, on April 21, Little filed a notice of appeal with the district court.

The district court construed Little's April 21 notice of appeal as a motion under Federal Rule of Appellate Procedure 4(b)(4) (FRAP),[7] that is, a Motion for Leave to File Untimely Appeal. The district court found that Little received the January 10 order on February 10, 2003, but that he was confused as to its contents at that time.[8] The district

---

[6]Regrettably, the Bureau of Prisons failed to notify the district court of Little's change of address. The district court also overlooked the new address contained in Little's pleadings.

[7]Federal Rule of Appellate Procedure 4(b)(4) permits a district court, with or without motion, to extend the 10 day appeals period for criminal appeals by 30 days upon a showing of excusable neglect or good cause. Fed. R. App. P. 4(b)(4).

[8]Although the district court's finding that Little received the order in February is not relevant to our discussion, this finding is clearly errone-

court recognized the ten-day time limitation on filing an appeal in a criminal case, and decided that it would "treat the April 11, 2003 remailing as starting the appeals period anew." (J.A. at 43.) With April 12, 2003 as the start date of the ten-day period, the district court considered Little's April 21, 2003 pro se notice of appeal as timely. On appeal, counsel was appointed for Little.

## II.

This case was originally placed on the oral argument calendar for consideration of whether the district court had the power to republish its January 10 order on April 11 to permit Little to effect a timely appeal. Prior to oral argument, we requested supplemental briefing, asking whether the claims in Little's Rule 35(a) motion should be construed as either a successive § 2255 motion or a § 2241 petition, or both. Little argues that his claims are properly cognizable under Rule 35(a), and that his appeal of the district court's order was timely. The Government contends that Little's Rule 35(a) motion should be construed as a § 2241 petition requesting sentencing credit. And, because Little is currently housed in a federal medical center in Texas, the Government requests that we dismiss Little's § 2241 claim for him to refile in the proper venue. In the alternative, the Government argues that, assuming Little's motion is cognizable under Rule 35(a), the district court lacked the power to republish its January 10 order, and Little's appeal of that motion would be untimely.

For the reasons stated in Part III, we agree, in part, with the Government. We conclude that Little's 35(a) motion raises claims that are properly brought under § 2255 and § 2241. On Little's § 2241 claim for sentencing credit, the Western District of North Carolina is not the proper venue to consider that claim because Little is currently incarcerated in a federal medical center in Texas. Accordingly, we dismiss that claim without prejudice. Turning to Little's § 2255 claim, because Little has already litigated a § 2255 motion, we treat his

ous. The district court based this finding on what it thought was Little's concession in his April 21 notice of appeal that he received the order in February. Little's notice of appeal, however, specifically states that Little did not receive the order until April 14.

appeal of the district court's ruling in this case as a request for authorization to file a successive § 2255 motion and deny that request. For the reasons discussed in Part IV, even if we were to credit Little's argument that his claims arise under Rule 35(a), we would lack jurisdiction to consider it because Little's appeal of the denial of that motion would be untimely.

### III.

Former Federal Rule of Criminal Procedure 35(a) provided that "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." Fed. R. Crim. P. 35(a) (West 1976). Rule 35(a) motions are neither civil motions nor civil collateral attacks on a conviction and sentence; instead, Rule 35(a) motions are part of the direct appeal of the criminal conviction. *Landrum*, 93 F.3d at 125. Because former Rule 35(a) has no time limitations, motions brought under that Rule are limited to those requesting the correction of illegal sentences. *Hill v. United States*, 368 U.S. 424, 430 (1962). A sentence is not illegal within the meaning of Rule 35(a) if "[t]he punishment meted out was not in excess of that prescribed by the relevant statute, multiple terms were not imposed for the same offense, nor were the terms of the sentence itself legally or constitutionally invalid in any other respect."[9] *Id.* When a federal prisoner files a Rule 35(a) motion raising claims that do not fit within its limited scope, we will construe the claims under the appropriate motion or petition heading. *United States v. Pavlico*, 961 F.2d 440, 443 (4th Cir. 1992) (noting that a Rule 35(a) motion can be construed as a § 2255 motion when the relief requested was available only under § 2255); *see also United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (noting "longstanding practice of courts to classify pro se pleadings from prisoners according to their contents, without regard to their captions.").

In this case, Little has alleged that his sentence and conviction for both Count One (conspiracy) and Count Forty (CCE) is illegal under

---

[9]We have interpreted *Hill*'s third basis for a Rule 35(a) motion, sentences that are legally or constitutionally invalid in any other respect, to implicate only sentences that are "ambiguous or internally contradictory." *United States v. Pavlico*, 961 F.2d 440, 443 (4th Cir. 1992).

*Rutledge v. United States*, 517 U.S. at 307 (1996), and that he was not properly credited with time served on one of his sentences.[10] We address each claim in turn.

### A.

### The *Rutledge* Claim

In *Rutledge*, the Supreme Court held that § 846,[11] conspiracy to distribute controlled substances, is a lesser-included offense of § 848, continuing criminal enterprise.[12] The Supreme Court further held that

---

[10]The record reveals that Little previously has raised both of these claims. In 1993, before *Rutledge* issued, Little filed a § 2255 motion contending that he was improperly convicted of both conspiracy to distribute a controlled substance and a continuing criminal enterprise. The district court adopted the magistrate judge's memorandum and recommendation rejecting that claim. Little unsuccessfully raised a specific *Rutledge* argument in a 1997 Rule 35(a) motion. Little's sentencing credit argument was raised and rejected in his 1993 § 2255 motion. Because the question of whether Little's claims would be barred by res judicata or the law of the case has not been raised by the Government and does not affect our jurisdiction, we leave resolution of that question for future litigation.

[11]The statute provides in full:

> Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

21 U.S.C.A. § 846 (West 1999).

[12]A continuing criminal enterprise is defined by statute as follows:

> A person is engaged in a continuing criminal enterprise if—
>
> (1)   he violates any provision of this subchapter or subchapter II of this chapter the punishment for which is a felony, and
>
> (2)   such violation is a part of a continuing series of violations of this subchapter or subchapter II of this chapter—
>
> (A)   which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and

the remedy in such cases is to vacate the conspiracy conviction and any sentence attributed to that conviction.[13] Little argues that he, too, was convicted of both conspiracy and a continuing criminal enterprise, that either Count One or Count Forty of his 1987 conviction must be vacated, and accordingly, he must be resentenced. In contending that his claim sounds within Rule 35(a), Little notes that *Rutledge* relies on the Double Jeopardy clause.

Our research reveals that only the Seventh Circuit, in *United States v. Canino*, 212 F.3d 383, 384 (7th Cir. 2000), has addressed the exact question of whether a post-conviction motion premised on a *Rutledge* violation falls within Rule 35(a). *See also United States v. Jeffers*, 2004 WL 2453754 (7th Cir. 2004) (reaffirming the continuing vitality of *Canino*). Explaining that Rule 35(a) "does not cover arguments that the conviction is itself improper," that court held that a *Rutledge* violation implicated an inmate's conviction, not his sentence. *Id.*; *see also Rutledge*, 517 U.S. at 303 (finding that the "*conviction* amounts to cumulative punishment not authorized by Congress") (emphasis added). Accordingly, the Seventh Circuit found that the inmate's argument "is exactly the kind of argument knocked out by *Hill*[, 368 U.S. at 430], and properly so unless Rule 35(a) is to subsume the entire law of collateral review." *Id.*

By its plain language, Rule 35(a) is limited to claims that a sentence itself is illegal, not that the conviction underlying a sentence is infirm. Fed. R. Crim. P. 35(a). In contrast, § 2255 permits prisoners "claiming the right to be released upon the ground that the sentence *was imposed* in violation of the Constitution or laws of the United States" to attack their conviction and sentence in federal court. 28 U.S.C.A. § 2255 (emphasis added); *see Davis v. United States*, 417 U.S. 333, 344 (1974) (rejecting argument that § 2255 motions could

---

    (B)   from which such person obtains substantial income or resources.

21 U.S.C.A. § 848(c).

[13]The Supreme Court's opinion affirmed the approach already in use in this circuit. *See United States v. Butler*, 885 F.2d 195, 202 (4th Cir. 1989).

only attack a prisoner's sentence because "[n]owhere in the history of Section 2255 do we find any purpose to impinge upon prisoners' rights of collateral attack upon their convictions.") (quotation marks omitted). Little's *Rutledge* claim attacks his conviction; Little alleges that his *conviction* for Count One (conspiracy) must be vacated. Thus, we agree with the Seventh Circuit and find that Little's *Rutledge* claim attacks his underlying conviction, not his sentence, and construe Little's *Rutledge* claim as a § 2255 motion. To find otherwise would be to expand the scope of Rule 35(a) in a manner that would impermissibly infringe upon collateral review pursuant to § 2255.

Little, however, has already filed a § 2255 motion, so he must first request authorization to file a successive motion pursuant to § 2244(b)(3) before filing a § 2255 motion with the district court. When a prisoner brings a motion that is better construed as a successive § 2255 petition, we will construe the prisoner's brief on appeal as a request for authorization to file a successive § 2255 petition. *Winestock*, 340 F.3d at 208. Following that precedent here, we construe Little's appellate brief as a request to file a successive § 2255 motion alleging his *Rutledge* claim. In order to obtain authorization to file a successive § 2255 motion, a prisoner must show that his claim is based on either:

> (1)   newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2255.

Little has not argued that newly discovered evidence exists, and the rule announced in *Rutledge* has not been made retroactive to cases on collateral review. *See Canino*, 212 F.3d at 384; *see also Underwood v. United States*, 166 F.3d 84, 87 n.2 (2d Cir. 1999) (noting *Rutledge* does not announce a "new rule of constitutional law" because "[t]he

double jeopardy and separation of powers principles on which *Rutledge* ultimately rests are not new"). Furthermore, Little's § 2255 motion based on *Rutledge* is untimely because a § 2255 motion must be filed within one year of the time that the Supreme Court first recognizes the constitutional right asserted. 28 U.S.C. § 2255 ¶ 6(3). Therefore, we deny Little authorization to file a successive § 2255 motion with the district court.

B.

The Sentencing Credit Claim

Little's second claim is that because the cocaine used to support his 1986 conviction was also used to support Counts One, Thirty-Three, and Forty of the 1987 indictment, he is due sentencing credit for the one year served in prison between the 1986 and 1987 convictions. This claim is best characterized as an attack on the execution of his sentence and not a collateral attack on his conviction. We have previously noted that challenges to the execution of a federal sentence are properly brought under 28 U.S.C.A. § 2241.[14] *See In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc). Little basically concedes this point in his supplemental brief, but he contends that because his claim rests upon a Double Jeopardy violation, it differs from other § 2241 challenges. We disagree. Challenging the execution of the sentence based on a perceived constitutional violation does not remove Little's claim from § 2241. *See Taylor v. Sawyer*, 284 F.3d 1143 (9th Cir. 2002) (reviewing a claim that BOP failed to make a state sentence properly concurrent to a federal sentence under § 2241 even though prisoner alleged BOP's actions violated the Constitution).

Thus, Little's request for sentencing credit is properly brought under § 2241, rather than Rule 35(a), and we must determine if Little's appeal of the district court's denial of this claim is properly before us for review. Section 2241 is not subject to the procedural requirements of § 2244(b), so Little was permitted to bring this claim

---

[14]That statute provides, in relevant part, that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C.A. § 2241 (West 1994).

separately in the district court without first receiving authorization from the circuit court.

We must next determine whether Little's appeal of the denial of his § 2241 petition was timely. Because section 2241 petitions are civil actions, not criminal matters, the separate document requirement applies. Federal Rule of Civil Procedure 58 requires that "[e]very judgment and amended judgment must be set forth on a separate document." A district court's failure to place the civil judgment on a separate document, even though the judgment was entered on the court's docket, precludes the beginning of the appeal period under Federal Rule of Appellate Procedure 4(a) for one-hundred and fifty days. *See Quinn v. Haynes*, 234 F.3d 837, 843 (4th Cir. 2000) *see also* Fed. R. Civ. P. 58(b)(2). In this case, because the district court did not enter its judgment on a separate document, the sixty-day time limitation for filing an appeal in FRAP 4(a)(1)(B) did not commence on January 10, and Little's April 21 notice of appeal is timely.[15]

Turning to the merits of this claim, we begin with the axiom that district courts are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). As the Supreme Court has explained, that statute requires "nothing more than that the court issuing the writ have jurisdiction over the custodian." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973). Thus, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v.*

---

[15]Although the district court never entered a separate judgment below, we need not remand the case for the issuance of a judgment that complies with Federal Rule of Civil Procedure 58. We continue to have jurisdiction to hear the appeal where "(1) the District Court clearly evidenced its intent that the opinion and order from which an appeal was taken would represent the final decision in the case; (2) a judgment of dismissal was recorded in the clerk's docket; and (3) the appellees did not object to the taking of the appeal in the absence of a separate judgment." *Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d 683, 690-91 (4th Cir. 1978) (quotation marks omitted). Here, the district court intended its January 10 order to be the final judgment, that order was recorded on the docket, and the United States has not raised an objection to hearing the appeal.

*Padilla*, 124 S. Ct. 2711, 2724 (2004). At the time Little refiled his § 2241 petition, he was confined in a federal medical center in Texas. Accordingly, the district court was not the proper venue for Little's § 2241 petition, and we must dismiss Little's § 2241 petition without prejudice for him to refile, if he so desires, in the proper United States District Court. *See Padilla*, 124 S. Ct. at 2727 (ordering dismissal of § 2241 petition without prejudice).

IV.

Little resists our characterization of his claims and contends that they are properly cognizable under Rule 35(a). Even if we were to assume that Little's claims fall within Rule 35(a), we would lack jurisdiction to consider those claims because Little failed to file a timely appeal. Rule 35(a) motions are considered criminal motions and are covered by FRAP 4(b), which provides "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days" of the entry of judgment. Fed. R. App. P. 4(b). FRAP 4(b)(4) permits the district court, with or without motion, to extend the time period to thirty days from the expiration of the ten-day period "[u]pon a finding of excusable neglect or good cause." FRAP 4(b) includes no other exceptions, and its provisions are "mandatory and jurisdictional." *Browder v. Dep't of Corr.*, 434 U.S. 257, 264 (1978). The district court found that Little moved to reopen the appeals period on April 21, far outside the forty-day period allotted by FRAP 4(b)(4). The district court then granted Little's request and treated the April 11 mailing of the order as a republication to permit Little to effect a timely appeal. Thus, assuming Little's motion was proper under Rule 35(a), his appeal would be timely only if the district court were permitted to republish its January 10 order or if Little filed some document within the forty-day period that constituted a notice of appeal.

Little contends that his February 12, 2003 letter addressed to the district court constituted a notice of appeal and that we need not address the propriety of the district court's republication order. Little notes that this letter was sent within forty days of the judgment and would be timely upon a showing of excusable neglect. We do not believe his February 12, 2003 letter was a notice of appeal as required by FRAP 3.

FRAP 3(c)(1) states that a notice of appeal must:

>  (A)   specify the party or parties taking the appeal by nam-
>  ing each one in the caption or body of the notice . . .

>  (B)   designate the judgment, order, or part thereof being
>  appealed; and

>  (C)   name the court to which the appeal is taken.

The requirements of FRAP 3 are mandatory and jurisdictional. *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 315-16 (1988). To ameliorate the harshness of the jurisdictional bar, FRAP 3 "should be liberally construed," and even when a party files a notice of appeal "that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." *Id.* at 316-17. We have held that the policy of construing notices of appeal liberally applies "especially" to pro se filings. *United States v. Garcia*, 65 F.3d 17, 19 (4th Cir. 1995). This principle "does not, however, excuse noncompliance with the Rule." *Smith v. Barry*, 502 U.S. 244, 248 (1992).

Little argues that his February 12th letter, liberally construed, suffices to meet the requirements of FRAP 3(c). We disagree. The letter made no reference to the Fourth Circuit, or any circuit or appellate court. Little's letter was specifically addressed to the district court, and requested action from that court. In fact, the word "appeal" does not appear in the letter. Moreover, Little did not specify any order from which he was appealing. Little admitted receiving an order on February 10, 2003, but he believed that this order was responding to a prior motion he had filed before the district court in 2001. Instead, Little's letter requested that the district court promptly address his current Rule 35(a) motion. The entire purpose of Little's letter was to request that the *district court* take action upon his Rule 35(a) motion. Accordingly, Little's February 12, 2003, letter cannot constitute a notice of appeal under FRAP 3(c). Thus, assuming Little's motion had been properly brought under Rule 35(a), his appeal of the denial of that motion would be timely only if the district court had the power to republish its January 10 order on April 11.

In *United States v. Schuchardt*, 685 F.2d 901 (4th Cir. 1982), we held that we lacked jurisdiction to hear an untimely appeal from a criminal conviction even though the defendant lacked notice of the original order. We noted that the time limitations embodied in FRAP 4(b) were mandatory and jurisdictional and that Federal Rule of Criminal Procedure 49(c) was "generally interpreted" to "make the failure of notice irrelevant to application of the jurisdictional rule" of FRAP 4(b). *Id.* at 902. Federal Rule of Criminal Procedure 49(c) provides:

> When the court issues an order on any post-arraignment motion, the clerk must provide notice in a manner provided for in a civil action. Except as Federal Rule of Appellate Procedure 4(b) provides otherwise, the clerk's *failure to give notice does not affect the time to appeal*, or relieve — *or authorize the court to relieve* — a party's failure to appeal within the allowed time.

Fed. R. Crim. P. 49(c)(3) (emphasis added).

The second sentence of Rule 49(c) was added in 1966 specifically to combat the courts' practice of extending appeals periods when parties had failed to receive notice of a court's order. *See* Fed. R. Crim. P. 49 Advisory Committee Notes (explaining that the amendments changed the prior general rule that "in the event of such failure or delay 'the time for taking an appeal runs from the date of later actual notice or receipt of the clerk's notice rather than from the date of entry of the order'" and that FRAP 4(b) excusable neglect period means there is "[n]o need . . . for an indefinite extension without time limit beyond the 30 day period").[16]

Thus, we are compelled to find that, pursuant to FRAP 4(b), Rule 49(c) and our precedent in *Schuchardt*, the district court was not per-

---

[16]We note that an exception to the dictates of Rule 49(c) might lie where necessary, as a ministerial matter, to effectuate the sound administration of justice in avoiding possible due process violations. *See United States v. Schuchardt*, 685 F.2d 901, 902 (4th Cir. 1982) (noting that the case did not "contain unique facts which alone excuse noncompliance with the rule [that FRAP 4(b) is mandatory and jurisdictional]." No such argument has been raised in this case.

mitted to republish its order in a criminal case so as to authorize Little to effect a timely appeal. Little concedes this point in his opening brief. Accordingly, because the district court lacked the power to republish its January 10 order, even assuming that Little's motion is cognizable under Rule 35(a), his appeal would be untimely, and we would lack jurisdiction to consider it.

V.

In conclusion, we construe Little's purported 35(a) motion as a § 2255 motion and a § 2241 petition for sentencing credit. We construe Little's appeal of the denial of the § 2255 motion as a request for authorization to file a successive § 2255 motion and deny that request. Likewise, we dismiss the appeal of Little's § 2241 claim without prejudice to permit Little to file that claim in the appropriate district court. Moreover, even were we to assume that Little's motion was proper under Rule 35(a), we would lack jurisdiction to consider his appeal.

*AUTHORIZATION DENIED TO FILE A*
*SUCCESSIVE § 2255 MOTION;*
*PETITION FOR § 2241 WRIT DISMISSED*
*WITHOUT PREJUDICE*