**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-6953

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VINCENT NEIGY BYRD,

Defendant - Appellant.

No. 05-6954

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VINCENT NEIGY BYRD,

Defendant - Appellant.

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Richard L. Voorhees, District Judge. (CR-01-148-V; CA-05-140-V)

Submitted: May 5, 2006          Decided: June 14, 2006

Before MICHAEL, GREGORY, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

—————————

Vincent Neigy Byrd, Appellant Pro Se. Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In No. 05-6953, Vincent Byrd seeks to appeal the district court's order denying his motion for reconsideration of the denial of his motion for reduction of sentence pursuant to Fed. R. Crim. P. 35. The appeal period for challenging post-judgment orders in criminal cases is ten days. See Fed. R. App. P. 4(b); United States v. Little, 392 F.3d 671, 680-81 (4th Cir. 2004). The appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978). The district court's order denying reconsideration of the denial of Byrd's Rule 35 motion was entered on May 4, 2005. Excluding weekends and holidays, the appeal period expired on May 18, 2005. Giving Byrd the benefit of the prisoner mailbox rule, Fed. R. App. P. 4(c), his notice of appeal is deemed filed when he gave it to prison officials for mailing on May 23, 2005. Thus, Byrd's notice of appeal in No. 05-6953 was untimely, and we dismiss for lack of jurisdiction.

In No. 05-6954, Byrd seeks to appeal the district court's orders denying relief on his motion filed under 28 U.S.C. § 2255 (2000). An appeal may not be taken from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C.

- 3 -

§ 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural ruling by the district court is likewise debatable. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Rose v. Lee</u>, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Byrd has not made the requisite showing. Accordingly, in No. 05-6954 we deny a certificate of appealability and dismiss the appeal.

We grant Byrd's motion to seal his informal brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>