<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 05-7674**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DESMOND WARD, a/k/a David A. King,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Chief District Judge. (CR-96-29-MU)

—————————

Submitted: June 30, 2006            Decided: July 13, 2006

—————————

Before WILKINSON, MICHAEL, and MOTZ, Circuit Judges.

—————————

Dismissed by unpublished per curiam opinion.

—————————

Desmond Ward, Appellant Pro Se.  Frank DeArmon Whitney, United States Attorney, Raleigh, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Desmond Ward seeks to appeal the district court's order denying his motion to correct sentence and modify judgment under 18 U.S.C. § 3582 (2000). In criminal cases, the defendant must file his notice of appeal within ten days of the entry of judgment. Fed. R. App. P. 4(b)(1)(A); United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (holding that § 3582 proceeding is criminal in nature and ten-day appeal period applies, citing United States v. Petty, 82 F.3d 809, 810 (8th Cir. 1996), and United States v. Ono, 72 F.3d 101, 102-03 (9th Cir. 1995)). With or without a motion, the district court may grant an extension of time to file a notice of appeal of up to thirty days upon a showing of excusable neglect or good cause. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court's order was entered on its docket on May 20, 2005, see Fed. R. App. P. 4(b)(6), and, therefore, the ten-day appeal period expired on June 6, 2005. See Fed. R. App. P. 26 (providing that "intermediate Saturdays, Sundays, and legal holidays" are excluded when the time period is less than eleven days). Ward states that he received a copy of the district court's order denying his motion on August 12, 2005. Ward then filed a notice of appeal, dated August 16, 2005, which the district court filed on August 19. Under Houston v. Lack, 487 U.S. 266, 276

- 2 -

(1988), Ward's notice of appeal was filed outside of the thirty-day excusable neglect period.

Ward, however, asserts on appeal that because he did not receive a copy of the court's order denying his § 3582 motion, the appeal period should be extended and his notice of appeal deemed timely filed. Ward's argument is foreclosed by this court's decision in United States v. Little, 392 F.3d 671 (4th Cir. 2004), in which the court concluded that the time to appeal may not be extended in a criminal case even though the party seeking to appeal did not receive proper notice of the district court's order. Id. at 681-82. Because the appeal period cannot be extended based upon the failure to receive notice of an order in a criminal case, we conclude that Ward's appeal of the order denying his motion to correct sentence or modify the judgment under 18 U.S.C. § 3582 is untimely filed. Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED