**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-8238

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

CLARK DUVALL WADDELL,

                    Defendant – Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  James A. Beaty, Jr.,
Chief District Judge.  (1:97-cr-00255-JAB-1)

Submitted:  May 3, 2010                  Decided:  May 27, 2010

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Clark Duvall Waddell, Appellant Pro Se.  Angela Hewlett Miller,
Assistant United States Attorney, Greensboro, North Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clark Duvall Waddell seeks to appeal the district court's order denying his motion to revisit his motion for sentence reduction. In criminal cases, the defendant must file a notice of appeal within ten days after the entry of judgment or the order being appealed.[1] Fed. R. App. P. 4(b)(1)(A); see United States v. Little, 392 F.3d 671, 680-81 (4th Cir. 2004) (applying Rule 4(b)(1)(A) appeal period to appeal from Rule 35 ruling). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered its order on October 20, 2009. The undated notice of appeal was filed on December 7, 2009. Because Waddell failed to file a timely notice of appeal or obtain an extension of the appeal period, we dismiss the

---

[1] Rule 4 of the Federal Rules of Appellate Procedure was amended effective December 1, 2009, to establish a fourteen-day appeal period in criminal appeals. Additionally, Fed. R. App. P. 26, governing computation of time periods, was also amended effective December 1, 2009, to require that all calendar days be counted, rather than omitting weekends and holidays, as formerly required. Although the time periods established by the earlier version of the Federal Rules of Appellate Procedure apply in this case, we note that Waddell's appeal would have been untimely under the new version of the rules.

2

appeal.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[2]  We recognize that the appeal period is not a jurisdictional provision in criminal cases, but rather a claim processing rule.  See Bowles v. Russell, 551 U.S. 205, 209-14 (2007).  Because Waddell's appeal is meritless and its consideration is not in the best interest of judicial economy, see United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010) (recognizing that Rule 35(a) authorizes the reconsideration of a sentence only if a motion is filed within fourteen days of judgment and only if it is necessary to correct an "arithmetical, technical, or other clear error"), we exercise our inherent power to dismiss it.  See United States v. Mitchell, 518 F.3d 740, 744 (10th Cir. 2008).