FILED
United States Court of Appeals
Tenth Circuit

December 20, 2017

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

FIDENCIO VERDIN-GARCIA,

     Defendant - Appellant.

No. 17-3154
(D.C. No. 2:05-CR-20017-JWL-1)
(D. Kan.)

_____

ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

Defendant Fidencio Verdin-Garcia appeals the denial of a motion to reduce his

sentence. We dismiss his appeal as untimely.

In 2006 a jury in the United States District Court for the District of Kansas found

Defendant guilty on 14 counts charging drug offenses. He was sentenced to three terms

of life imprisonment and 11 terms of four years' imprisonment, all to run concurrently.

On appeal we affirmed his convictions and sentences. *See United States v. Verdin-

Garcia*, 516 F.3d 884, 888–89 (10th Cir. 2008). In 2015 Defendant unsuccessfully

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

moved for reduction of his sentence under 18 U.S.C. § 3582(c)(2) and we again affirmed on appeal. *See United States v. Verdin-Garcia*, 824 F.3d 1218, 1222 (10th Cir. 2016).

In March 2017 Defendant filed a second motion for a sentence reduction under § 3582(c)(2). On April 14 the district court entered an order denying the motion for lack of jurisdiction to revisit the same issue. Defendant asserts that he did not receive the order until May 12. According to his account, however, it was still not until June 29 that he handed prison officials his combined notice of appeal and motion for leave to file an out-of-time appeal. On July 14 the combined motion and notice of appeal was filed in the district court. The court granted Defendant's motion to file an out-of-time appeal.

Unfortunately for Defendant, the district court did not have authority to grant the motion to file an out-of-time appeal. A motion under § 3582(c)(2) is part of the criminal proceeding, so an appeal from a decision on such a motion comes under the rules governing appeals in criminal cases. *See United States v. Randall*, 666 F.3d 1238, 1240 (10th Cir. 2011). Those rules provide that a defendant in a criminal case has 14 days from entry of an order to file a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A)(i). Defendant's notice of appeal therefore had to be filed by April 28. The district court may extend that 14-day period but its authority to do so is strictly limited: "Upon a finding of excusable neglect or good cause," the district court may extend the time to file a notice of appeal for only an additional 30 days. Fed. R. App. P. 4(b)(4). Thus, the district court could extend the time for Defendant to file his notice of appeal to no later than May 28, although the time for appeal would then have been extended to May 30 because May 28, 2017, was a Sunday and the following day was a national holiday. *See* Fed. R. App. P.

2

26(a)(1)(C) ("[I]f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."). Defendant's notice of appeal filed on July 14 was therefore several weeks too late. Even if we give Defendant the benefit of the prison-mailbox rule, *see* Fed. R. App. P. 4(c), and consider his notice of appeal to have been filed on June 29, when he allegedly gave the notice to prison officials, it was still almost a month late.

We recognize that Rule 4(b) is not jurisdictional. But it is still an "inflexible claim-processing rule[]" that "must be enforced by this court when properly invoked by the government." *United States v. Mitchell*, 518 F.3d 740, 744 (10th Cir. 2008). The government properly invoked the Rule when it argued in its brief on appeal that Defendant's notice of appeal was untimely. *See United States v. Garduno*, 506 F.3d 1287, 1292 (10th Cir. 2007) ("The government objected to [the defendant's] late notice of appeal in its response brief. There is no provision in the Federal Rules of Criminal Procedure or the Federal Rules of Appellate Procedure requiring earlier objection to a late notice of appeal.").

To be sure, Defendant complains that he did not receive a copy of the district court's order for almost a month. But "[e]xcept as Federal Rule of Appellate Procedure 4(b) provides otherwise, the clerk's failure to give notice does not affect the time to appeal, or relieve—or authorize the court to relieve—a party's failure to appeal within the allowed time." Fed. R. Crim. P. 49(c); *see United States v. Little*, 392 F.3d 671, 682 (4th Cir. 2004) (concluding that defendant's appeal was untimely because Rule 49(c) did not

allow a court to extend the period to file an appeal when a party fails to receive notice of an order).

We **DISMISS** Defendant's appeal as untimely.

Entered for the Court


Harris L Hartz
Circuit Judge