**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7648**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KAREEM JAMAL CURRENCE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  M. Hannah Lauck, District Judge.  (3:05-cr-00231-MHL-1)

Submitted:  May 11, 2021                                           Decided:  June 8, 2021

Before MOTZ, WYNN, and HARRIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Kareem Jamal Currence, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kareem Jamal Currence—who in 2006 was convicted of possession with intent to distribute less than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) ("Count 1"), and possession with intent to distribute less than five grams of cocaine base within 1000 feet of an elementary school, in violation of 21 U.S.C. § 860 ("Count 2")—appeals the district court's order granting his Fed. R. Crim. P. 33 motion and his motions for sentence reduction, pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("the Act"). After determining that the Act rendered Currence eligible for a sentence reduction on the Count 1 conviction, the court vacated Currence's Count 2 conviction to remedy a double jeopardy violation and reduced the 240-month sentence imposed on Count 1 to 220 months in prison. On appeal, Currence asserts that: (1) his Count 1 conviction is no longer valid under *Arizona v. Gant*, 556 U.S. 332 (2009); (2) his career offender designation is no longer valid; and (3) the district court should have recalculated his Sentencing Guidelines range after it vacated the Count 2 conviction. We vacate and remand.

First, Currence never raised his *Gant* challenge in his motions in the district court and, absent extraordinary circumstances, we will not consider issues raised for the first time on appeal. *See Pornomo v. United States*, 814 F.3d 681, 686 (4th Cir. 2016). In any event, Currence could not have challenged his Count 1 conviction in a motion for sentence reduction under the Act. Such a challenge must instead be raised in an authorized, successive 28 U.S.C. § 2255 motion, *see United States v. Little*, 392 F.3d 671, 678-79 (4th Cir. 2004), or, under certain circumstances, in a 28 U.S.C. § 2241 petition,

*see In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). Currence has not obtained this court's authorization to raise his *Gant* challenge in a successive § 2255 motion, however; indeed, Currence has previously—albeit, unsuccessfully—sought this court's authorization to challenge his convictions under *Gant*. *See In re Currence*, No. 14-188 (ECF Nos. 2, 4). We therefore reject Currence's *Gant* challenge to his remaining conviction.

Next, we discern no error in the district court's decision to reject Currence's argument that the offenses underlying his prior Virginia convictions are no longer "controlled substance offenses" under the career offender Guideline. *See United States v. Ward*, 972 F.3d 364, 374 (4th Cir. 2020) (holding that convictions under Va. Code § 18.2-248 "categorically qualify under the ordinary meaning of 'controlled substance offense'" to trigger a career offender enhancement), *pet. for cert. filed*, No. 20-7327 (U.S. Feb. 26, 2021). In addition, because Currence's career offender status dictated his offense level, Guidelines Amendments 706 and 782 have no impact on Currence's Guidelines range, *see* U.S. Sentencing Guidelines Manual (USSG) § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [a]n amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range."), and Amendment 742 is not retroactively applicable, *see* USSG § 1B1.10(d) (listing retroactive amendments).

We nonetheless agree with Currence that the district court should have considered that the statutory maximum applicable to his Count 1 conviction is lower than the statutory maximum applicable to the Count 2 conviction and, thus, the court should have

3

recalculated Currence's Guidelines range when it decided his motions. *See* 21 U.S.C. §§ 841(b)(1)(C), 860(a); USSG § 4B1.1(b)(2), (3); *see also United States v. Chambers*, 956 F.3d 667, 675 (4th Cir. 2020) (ordering district court to recalculate Chambers' Guidelines range on remand without the erroneous career offender enhancement). In deciding to reduce Currence's sentence, however, the district court did not indicate that it recalculated Currence's Guidelines range on the Count 1 conviction after vacating Currence's Count 2 conviction. In fact, the court's order suggests that the court based its sentence reduction decision on the Guidelines range applicable to both counts of conviction. This constitutes reversible error. *See United States v. Collington*, __ F.3d __, __, No. 19-6721, 2021 WL 1608756, at *8-9 (4th Cir. Apr. 26, 2021) (adopting reasonableness review to sentences imposed under the Act, which "require[s] courts to consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the § 3553(a) factors, determine—following the Fair Sentencing Act—whether a given sentence remains appropriate in light of those factors, and adequately explain that decision"); *United States v. Ross*, 912 F.3d 740, 745 (4th Cir.) (vacating sentence where the district court's "comments . . . require[d] this Court to impermissibly speculate as to the reason for the . . . sentencing decision"), *cert. denied*, 140 S. Ct. 206 (2019).

Because it does not appear that the district court recalculated Currence's Guidelines range applicable to the Count 1 conviction and, thus, it is unclear whether the court would have chosen to further reduce Currence's remaining sentence had it done so, we vacate the remainder of Currence's sentence on Count 1 and remand for further

proceedings consistent with this opinion.  We express no opinion as to whether the district court on remand should further reduce Currence's remaining sentence.[*]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] While Currence has been released from prison, he remains on supervised release. Accordingly, his challenge to the district court's order is not moot. *See United States v. Ketter*, 908 F.3d 61, 66 (4th Cir. 2018) ("Although the underlying prison sentence has been served, a case is not moot when an associated term of supervised release is ongoing, because on remand a district court could grant relief to the prevailing party in the form of a shorter period of supervised release.").