**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Paul Masuru ONO, Defendant–Appellant.**

**No. 95–50099.**

United States Court of Appeals,
Ninth Circuit.

Nov. 22, 1995.

Paul M. Ono, Phoenix, Arizona, pro se.

Jeffrey C. Eglash, Assistant United States Attorney, Los Angeles, California, for plaintiff-appellee.

Before: PREGERSON, NORRIS, and REINHARDT, Circuit Judges.

### ORDER

Federal prisoner Paul Masuru Ono appeals pro se the district court's denial of his motion under 18 U.S.C. § 3582(c)(2) to modify his term of imprisonment. The government contends that we lack jurisdiction over this appeal because the notice of appeal was filed more than ten days after the order was entered by the district court. *See* Fed. R.App.P. 4(b).

In order to determine if an appeal is a "criminal case" under Fed.R.App.P. 4(b), we consider the nature of the proceedings and of the order appealed from. If a proceeding is " 'a step in the criminal case,' " then Rule 4(b) applies, unless the proceeding arises from a statute providing its own procedures and time limits. *See Yasui v. United States,* 772 F.2d 1496, 1499 (9th Cir.1985) (quoting *United States v. Morgan,* 346 U.S. 502, 505 n. 4, 74 S.Ct. 247, 250 n. 4, 98 L.Ed. 248 (1954)). If, however, the order appealed from is civil in nature, the civil notice of appeal provision set out in Rule 4(a) will apply, even if the order arises from a criminal proceeding. *See United States v. Yacoubian,* 24 F.3d 1, 4–5 (9th Cir.1994) (appeal from order enforcing judicial recommendation against deportation issued in criminal case governed by Rule 4(a)); *In re Grand Jury (Manges),* 745 F.2d 1250, 1251 (9th Cir.1984) (appeal from order quashing grand jury subpoena is civil action governed by Rule 4(a)); *United States v. Kismetoglu,* 476 F.2d 269, 270 n. 1 (9th Cir.) (per curiam) (appeal from order enjoining government from filing forfeiture action in criminal case subject to civil appeal provisions of Rule 4(a)), *cert. dismissed,* 410 U.S. 976, 93 S.Ct. 1454, 35 L.Ed.2d 709 (1973).

Section 3582 governs the imposition and subsequent modification of a sentence of imprisonment. The statute refers a sentencing court to the Federal Rules of Criminal Procedure, the Sentencing Guidelines, and other statutory provisions governing the imposition of sentences. Subsection 3582(c)(2) permits the sentencing court to resentence a defendant if the Sentencing Commission lowers the Guidelines range originally used to sentence the defendant. The district court may reduce the sentence after considering the factors listed in 18 U.S.C. § 3553, if a reduction is consistent with the Sentencing Commission's policy statements. *See* 18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10 (setting out policy statement governing retroactivity of amendments to Guidelines).

Because the purpose of a § 3582 motion is resentencing, a motion under § 3582(c)(2) is undoubtedly "a step in the criminal case." *See Yasui,* 772 F.2d at 1499. Similarly, because a sentencing court's consideration of a § 3582(c)(2) motion requires the court to reexamine the original sentence in light of changes to the applicable Guidelines, and exercise its discretion accordingly, *see United States v. Cueto,* 9 F.3d 1438, 1440 (9th Cir.1993), an order granting or denying such a motion is criminal in nature, *cf. Yacoubian,* 24 F.3d at 4. We conclude that a notice of appeal from an order granting or denying a motion brought under 18 U.S.C. § 3582(c) must be filed within ten days pursuant to

Fed.R.App.P. 4(b). *See Yasui,* 772 F.2d at 1499.

Because Ono filed the notice of appeal more than ten days after entry of the district court's order, but within forty days, we remand this case to the district court for the limited purpose of determining whether excusable neglect exists for the late filing of the notice of appeal. *See* Fed.R.App.P. 4(b); *United States v. Stolarz,* 547 F.2d 108 (9th Cir.1976). The district court is requested to make this determination at its earliest convenience and to forward a copy of its order to this court.