_____

No. 96-1315
_____

United States of America,          *
                                    *
          Appellee,                 *
                                    *  Appeal from the United States
     v.                             *  District Court for the
                                    *  Eastern District of Arkansas.
Joseph Anthony Petty,               *
                                    *  (PUBLISHED)
          Appellant.                *


_____

          Submitted:  April 29, 1996

          Filed:  May 6, 1996
_____

Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
_____

PER CURIAM.

     Joseph Anthony Petty appeals from the district court's[1] order denying his 18 U.S.C. § 3582(c)(2) motion to reduce the term of his imprisonment. We conclude we lack jurisdiction, and remand the case to the district court.

     In 1991, Petty pleaded guilty to manufacturing sixty-seven marijuana plants in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The district court determined that under the applicable Sentencing Guidelines Petty was a career offender subject to a sentencing range of 210 to 240 months imprisonment, and sentenced him to 210 months imprisonment to be followed by three years of

_____

[1]The Honorable Elsijane Trimble Roy, United States District Judge for the Eastern District of Arkansas.

supervised release.  In November 1995, Petty filed a section 3582(c)(2) motion based on the November 1, 1995, retroactive amendments to U.S.S.G. § 2D1.1(c), which changed the method of measuring marijuana for sentencing purposes.  On January 11, 1996, the district court entered its order denying the motion, concluding that due to his career offender status, Petty was subject to the same sentencing range both before and after the retroactive amendments.  On January 29, 1996, Petty filed a notice of appeal.

> Fed. R. App. P. 4(b) provides in pertinent part:
>
> In a criminal case, a defendant shall file the notice of appeal in the district court within 10 days after the entry either of the judgment or order appealed from . . . . Upon a showing of excusable neglect, the district court may--before or after the time has expired, with or without motion and notice--extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision.

We conclude that this rule applies to an appeal from the denial of a section 3582(c)(2) motion.  See United States v. Ono, 72 F.3d 101, 102-03 (9th Cir. 1995); cf. United States v. Barney, 691 F.2d 855, 856 (8th Cir. 1982).  As the filing of a timely notice of appeal is both mandatory and jurisdictional, see United States v. Anna, 843 F.2d 1146, 1147 (8th Cir. 1988), and as Petty's appeal was filed more than ten days but fewer that forty days after the entry of the district court's order, the question is whether the time for filing the notice of appeal should be extended pursuant to Rule 4(b).  Accordingly, we remand the case to the district court for the purpose of determining whether this is a case of excusable neglect, and if so, whether Petty's time for filing a notice of appeal should be extended.  See Fed. R. App. P. 4(b); Ana, 843 F.2d 1147-48.

In light of our remand, we dismiss Petty's pending motions as moot.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.