116 F.3d 483
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Walter Earl FREITAS, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 96-55983.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 5, 1997.
Decided June 10, 1997.
 
 Appeal from the United States District Court for the Southern District of California, Nos. CV-96-00696-LCN, CR-92-00721-3-LCN; Leland C. Nielsen, District Judge, Presiding.
 Before: HUG, Chief Judge; FERNANDEZ and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Walter Earl Freitas appeals the district court's denial of his motion under 28 U.S.C. § 2255 to correct his sentence in connection with his guilty pleas to conspiracy with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and use and carrying of a firearm during the commission of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). We have jurisdiction, 28 U.S.C. § 1291, and affirm in part and remand in part.
 
 
 3
 * Freitas argues that the district court's summary dismissal was in error and that under 28 U.S.C. § 2255 he was entitled to an evidentiary hearing on his Bailey claim.[1] We disagree. Freitas argued in his § 2255 motion that his conviction under 18 U.S.C. § 924(c) cannot stand because he did not "use" a firearm within the meaning of Bailey v. United States, --- U.S. ----, 116 S.Ct. 501 (1995). Even assuming that Freitas is correct, the district court did not err in summarily denying his claim. Freitas was indicted for, and pled guilty to, using and carrying a firearm. As he did not argue in his § 2255 motion that he did not "carry" the firearm, the fact that he did not also "use" the firearm has no bearing on his conviction.
 
 II
 
 4
 Freitas's § 2255 motion also sought to reduce his sentence pursuant to 18 U.S.C. § 3582(c) in light of a November 1, 1994 amendment to U.S.S.G. § 2D1.1 which became retroactive under U.S.S.G. § 1B1.10(c) (1995).
 
 
 5
 The government argues that we lack jurisdiction to consider Freitas's appeal on the § 3582 issue, because § 3582 appeals must be filed within ten days, see Fed. R.App. P. 4(b); United States v. Ono, 72 F.3d 101, 102-03 (9th Cir.1995), whereas appeals from the denial of § 2255 motions can be brought within 60 days. Fed. R.App. P. 4(a). We disagree, because the order from which this appeal is taken denied a § 2255 motion.
 
 
 6
 As we have indicated, a reduction in sentence due to the amendment of a Sentencing Guideline should be brought as a motion under 18 U.S.C. § 3582(c)--not as a motion under § 2255. See Hamilton v. United States, 67 F.3d 761, 764 (9th Cir.1995). Although we have construed § 2255 motions as § 3582 motions, id., we cannot tell from the district court's order whether it did this or not. On its face, the order simply denies the § 2255 motion.[2] Therefore, we must remand, because the factors to be considered under § 3582 are different from the bases upon which a § 2255 motion can be summarily denied, and it might (or might not) make a difference in the outcome.
 
 
 7
 The district court's order of May 8, 1996 is therefore construed as a denial of Freitas's § 2255 motion on the Bailey claim only and is affirmed. However, we remand for consideration of Freitas's request to reduce his sentence pursuant to § 3582(c).
 
 
 8
 AFFIRMED IN PART; REMANDED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Freitas filed his § 2255 motion before the effective date of the Anti-Terrorism Effective Death Penalty Act of 1996, and therefore we evaluate his motion under the pre-amended version of the statute. Jeffries v. Wood, 103 F.3d 827, 827 (9th Cir.1996)
 
 
 [2]
 If the district court's denial of Freitas's § 2255 motion were based in part on the ground that it was not the right way to seek § 3582(c) relief, Freitas would still be able to move for reduction pursuant to § 3582(c)