134 F.3d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald MIXON, Defendant-Appellant.
 No. 96-10481.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Jan. 15, 1998.
 
 Before BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Ronald V. Mixon ("Mixon") appeals pro se the district court's denial of his motion under 18 U.S.C. § 3582 and 28 U.S.C. § 2255 for modification of his sentence. His only argument on appeal is that the government violated the terms of his plea agreement by failing to recommend a three-level reduction under the sentencing guidelines for acceptance of responsibility. Alleged violations of plea agreements are reviewed de novo. United States v. Diamond, 53 F.3d 249, 252 (9th Cir.1995). We dismiss Mixon's § 3582 claim as untimely and affirm the district court's order denying a sentence reduction under § 2255.
 
 
 3
 * The district court's order denying Mixon's motion for modification of sentence was filed on August 30, 1996. The court denied Mixon's motion finding both § 3582(c) and § 2255 claims without merit. Mixon filed his notice of appeal on October 22, 1996. "[A] notice of appeal from an order granting or denying a motion brought under 18 U.S.C. § 3582(c) must be filed within ten days pursuant to Fed.R.App.P. 4(b)." United States v. Ono, 72 F.3d 101, 102 (9th Cir.1995). Had Mixon requested a 30 day filing extension from the district court pursuant to Fed.R.App.P. 4(b)(4), which the record indicates he did not, Mixon's notice of appeal would still be untimely. We have no jurisdiction to consider untimely appeals. United States v. Eccles, 850 F.2d 1357, 1363 (9th Cir.1988). Because Mixon's notice of appeal was untimely, his appeal from the district court's denial of his § 3582(c) motion must be dismissed.
 
 II
 
 4
 Mixon argues that the trial court erred in failing to grant him a three-level reduction of his sentence. 28 U.S.C. § 2255 allows a federal prisoner to request a modification of his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255.
 
 
 5
 Mixon alleges that the government failed to honor the terms of his plea agreement. Mixon's plea agreement provided that "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for relevant criminal conduct within the meaning of § 3E1.1, a 3-level reduction for the acceptance of responsibility will be warranted." (Mixon's Plea Agreement at 2.) There was no violation of the plea agreement in this case because, as the district court stated, the application of a three-level reduction would have no effect on Mixon's sentence.
 
 
 6
 A three-level reduction under the United States Sentencing Guidelines ("USSG") from offense level 30, as stipulated in Mixon's plea agreement, would decrease the offense level to 27. The suggested sentence for level 27 is 70-87 months. See United States Commission, Guidelines Manual, Ch. 5, Pt. A (Nov.1997). The maximum statutory sentence for a violation of 21 U.S.C. § 843(b) is 48 months. Thus, a three-level reduction would have resulted in a longer sentence than the statutory maximum. In such cases, section 5G1.1 of the USSG states that "the statutorily authorized maximum sentence shall be the guideline sentence." USSG § 5G1.1.
 
 
 7
 Mixon maintains that the three-level reduction must be determined from the length of the sentence rather than the offense level. The sentencing guidelines do not support his argument. The commentary to section 5G1.1 of the USSG provides that where the maximum sentence required by the offense statute is less than the guidelines sentencing range, a reduction in the sentence would be a "guideline departure."[1] Mixon's plea agreement calls for a "3-level reduction," not a departure. Therefore, the government did not violate the terms of the plea agreement.
 
 AFFIRMED
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 § 5G1.1 provides in pertinent part:
 Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence.
 USSG § 5G1.1
 The commentary to § 5G1.1 provides in pertinent part:
 This section describes how the statutorily authorized maximum sentence, or a statutorily required minimum sentence, may affect the determination of a sentence under the guidelines. For example, if the applicable guideline range is 51-63 months and the maximum sentence authorized by statute for the offense of conviction is 48 months, the sentence required by the guidelines under subsection (a) is 48 months; a sentence of less than 48 months would be a guideline departure.
 USSG 5G1.1, commentary at 338 (1997).