**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 97-7708**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANDRE BROWN,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Richard L. Voorhees, Chief District Judge.  (CR-90-84)

———————

Submitted:  February 26, 1998          Decided:  March 20, 1998

———————

Before WILKINS, NIEMEYER, and HAMILTON, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Andre Brown, Appellant Pro Se.  Mark Timothy Calloway, United States Attorney, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellant filed an untimely notice of appeal from the district court's order denying his motion to reduce his sentence pursuant to 18 U.S.C.A. § 3582(c) (West 1985 & Supp. 1997). The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." United States v. Raynor, 939 F.2d 191, 197 (4th Cir. 1991). A criminal defendant has ten days within which to file in the district court a notice of appeal from judgment or a final order. Fed. R. App. P. 4(b); see United States v. Ono, 72 F.3d 101, 102-03 (9th Cir. 1995) (applying ten-day appeal period of Rule 4(b) to § 3582 motions). The only exception to the appeal period is when the district court extends the time to appeal upon a showing of excusable neglect under Rule 4(b).

The district court entered its order on May 28, 1997. Appellant's notice of appeal was filed on November 25, 1997. Appellant's failure to file a timely notice of appeal[*] or to obtain an extension of the appeal period leaves this court without jurisdiction to consider the merits of Appellant's appeal. We therefore dismiss the appeal. We dispense with oral argument because the facts and legal

---

[*] This court assumes that the date a prisoner writes on the notice of appeal is the earliest date it would have been submitted to prison authorities. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 270 (1988). In this case, Appellant dated his notice of appeal "November ___, 1997." Regardless of when in November 1997 Appellant submitted his notice of appeal to prison authorities, it would have been untimely.

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED