**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Billy Joe CHAMBERS, Defendant–
Appellant.**

No. 02–1080.

United States Court of Appeals,
Sixth Circuit.

Sept. 5, 2002.

Before KRUPANSKY and CLAY,

Circuit Judges; GWIN, District Judge.*

## ORDER

Billy Joe Chambers appeals a district court order denying his motion to modify sentence filed under 18 U.S.C. § 3582(c)(2). The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1989, a jury convicted Chambers of conspiracy to distribute and to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and of operating a continuing criminal enterprise in violation of 21 U.S.C. § 848. On appeal, this court remanded the case to the district court because the convictions violated the prohibition against double jeopardy. *United States v. Chambers*, 944 F.2d 1253 (6th Cir.1991). On remand, the district court vacated the conspiracy conviction and resentenced Chambers to 325 months in prison, and this court affirmed the sentence on appeal. *United States v. Chambers*, Nos. 93–1011, etc., 1994 WL 12649 (6th Cir. Jan.19, 1994) (unpublished per curiam). Chambers then filed a motion to vacate sentence under 28 U.S.C. § 2255, which the district court denied, and this court affirmed the district court's decision. *Chambers v. United States*, Nos. 94–2418, etc., 1995 WL 592107 (6th Cir. Oct.5, 1995) (unpublished order). Chambers also filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The district court dismissed the petition as meritless, and this court affirmed that decision. *Chambers v. Chandler*, No. 98–6527, 1999 WL 1024000 (6th Cir. Nov.4, 1999) (unpublished order).

Refusing to acknowledge the finality of his conviction and sentence, Chambers next filed a motion seeking to locate transcripts relating to his original sentencing from 1989. The district court denied this motion, and Chambers filed a motion for reconsideration of this decision. He also filed motions to obtain certain information concerning the missing transcripts, to amend the judgment and commitment order, and to vacate his sentence because of prosecutorial misconduct. He also filed a motion to modify his sentence under § 3582(c)(2), arguing that he should be resentenced in light of Amendment 591 of the Sentencing Guidelines. The district court concluded that all of these motions were without merit and denied them. In this timely appeal, the government moves to dismiss the case for lack of jurisdiction.

■ We initially deny the government's motion to dismiss for lack of jurisdiction. To the extent that Chambers is alleging prosecutorial misconduct and is seeking production of his original sentencing transcripts, it is clear that he is raising challenges to his conviction and sentence that should be brought in a motion to vacate under § 2255. Since Chambers has filed a prior § 2255 motion, he must obtain permission from this court before he may pursue a second § 2255 motion. *See* 28 U.S.C. §§ 2244(a) & (b)(3)(A) & 2255. It is undisputed that Chambers has not received this permission; consequently, these claims are not properly before this court.

■ However, this court can review the district court's denial of Chambers's motion to modify sentence. Because a § 3582(c)(2) motion is a continuation of the prior criminal proceeding, this court has jurisdiction to review the denial of such a

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

motion. *See United States v. Alvarez,* 210 F.3d 309, 310 (5th Cir.2000); *United States v. Petty,* 82 F.3d 809, 810 (8th Cir.1996); *United States v. Ono,* 72 F.3d 101, 102 (9th Cir.1995).

Upon review, we conclude that the district court properly denied Chambers's § 3582(c) motion. This court reviews for an abuse of discretion a district court's decision denying a motion to modify sentence. *United States v. Cothran,* 106 F.3d 1560, 1562 (11th Cir.1997); *United States v. Townsend,* 55 F.3d 168, 170 (5th Cir. 1995). Section 3582(c)(2) allows the court to reduce a term of imprisonment if the defendant's sentence was based on a sentencing range that subsequently has been lowered by the Sentencing Commission. Under USSG § 1B1.10, certain listed amendments to the Guidelines are to be given retroactive effect, and a defendant may seek a reduction in his sentence because of a retroactive amendment under § 3582(c).

■ Chambers argues that his sentence should be reduced in light of Amendment 591 to the Guidelines. While Amendment 591 is given retroactive effect under § 1B1.10, the Amendment does not apply to Chambers's sentence. Amendment 591 clarified when the enhanced penalties under USSG § 2D1.2 should be applied to a defendant's sentence. However, Chambers was not sentenced under § 2D1.2; instead, the sentencing provisions of USSG § 2D1.5 for engaging in a criminal continuing enterprise were applied to him. Therefore, Amendment 591's changes to § 2D1.2 do not impact his sentence.

Accordingly, this court denies all pending motions and affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.