**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Willie James HARRIS, Defendant—**
**Appellant.**

**No. 04–50147.**

**D.C. No. CR–92–00017–GLT–3.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2005.[*]

Decided Jan. 18, 2005.

Stephen G. Wolfe, Esq., Ronald L. Cheng, Esq., USLA—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Willie James Harris, Atwater, CA, pro se.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM [**]

Willie James Harris appeals pro se the district court's order denying his motion for an extension of time to file an appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

On August 9, 2002, the district court entered an order denying Harris' motion to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c). Due to non-

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

delivery of mail, Harris did not learn of the district court's order until January 23, 2003, whereupon he filed a Notice of Appeal on January 27, 2003, and then filed a motion to reopen time for appeal, pursuant to Federal Rule of Appellate Procedure 4(a)(6), on April 23, 2003.

We first note that the denial of a motion filed pursuant to 18 U.S.C. § 3582(c) is a criminal matter. *See United States v. Ono,* 72 F.3d 101, 102–03 (9th Cir.1995). Therefore, an appeal from such a denial is governed by Federal Rule of Appellate Procedure 4(b). *Id.*

Because Rule 4(b) applies, by the time Harris received notice that the district court had denied his 18 U.S.C. § 3582(c) motion, the maximum period of 30 days for an extension of time to file an appeal had already expired, and the district court was not empowered to grant any further extension of time. *See United States v. Green,* 89 F.3d 657, 660–61 (9th Cir.1996) (stating that Rule 4(b) compliance is "mandatory and jurisdictional," even if its application may be "harsh to a criminal defendant"); *see also* Fed.R.Crim.P. 49(c) ("Except as Federal Rule of Appellate Procedure 4(b) provides otherwise, the clerk's failure to give notice [of an order issued by the district court] does not affect the time to appeal, or relieve-or authorize the court to relieve-a party's failure to appeal within the allowed time.").

In his reply brief, Harris requests relief under *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). However, Harris' conviction and sentence became final in 1995, and because the Supreme Court has not made *Blakely* retroactive to cases on collateral review, no relief is available to appellant on that ba-

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

sis. *See Cook v. United States,* 386 F.3d 949, 950 (9th Cir.2004) (order).

AFFIRMED.