**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-7450

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

versus

BARRY LEWIS MATTHEWS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg. James C. Turk, Senior District Judge. (6:94-cr-70077-jct)

Submitted: December 20, 2006        Decided: January 10, 2007

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

Remanded by unpublished per curiam opinion.

Barry Lewis Matthews, Appellant Pro Se. Donald Ray Wolthuis, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Barry Lewis Matthews seeks to appeal the district court's order denying his motion to correct sentence and modify judgment under 18 U.S.C. § 3582 (2000). In criminal cases, the defendant must file his notice of appeal within ten days of the entry of judgment. Fed. R. App. P. 4(b)(1)(A); United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (holding that § 3582 proceeding is criminal in nature and ten-day appeal period applies, citing United States v. Petty, 82 F.3d 809, 810 (8th Cir. 1996), and United States v. Ono, 72 F.3d 101, 102-03 (9th Cir. 1995)). With or without a motion, the district court may grant an extension of time to file a notice of appeal of up to thirty days upon a showing of excusable neglect or good cause. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court's order was entered on its docket on July 14, 2006, see Fed. R. App. P. 4(b)(6), and the ten-day appeal period expired on July 28, 2006. See Fed. R. App. P. 26 (providing that "intermediate Saturdays, Sundays, and legal holidays" are excluded when the time period is less than eleven days). On August 4, 2006, the district court received a letter from Matthews in which he inquired as to the status of his § 3582 motion. Upon receipt of this letter, the district court mailed Matthews another

copy of its July 13 order.  Matthews filed a notice of appeal on August 15, 2006,[*] within the thirty-day excusable neglect period.

Because Matthews filed his notice of appeal within the excusable neglect period, we remand the case to the district court for the court to determine whether Matthews demonstrated excusable neglect or good cause warranting an extension of the ten-day appeal period.  The record as supplemented with the district court's findings on remand will then be returned to this court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REMANDED

---

[*]Although Matthews' notice of appeal was stamped as filed by the district court on August 17, 2006, we deem it filed as of August 15, 2006, the date he gave it to prison officials for mailing.  Houston v. Lack, 487 U.S. 266, 276 (1988).

- 3 -