**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-6787**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FAHED T. TAWALBEH,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke.  Samuel G. Wilson, District
Judge.  (7:97-cr-00024-sgw-0)

_____

Submitted:  September 21, 2007        Decided:  November 19, 2007

_____

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Fahed T. Tawalbeh, Appellant Pro Se.  Thomas Jack Bondurant, Jr.,
Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fahed T. Tawalbeh appeals the district court's order denying his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (2000). In criminal cases, the defendant must file his notice of appeal within ten days of the entry of judgment. Fed. R. App. P. 4(b)(1)(A); United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (holding that § 3582 proceeding is criminal in nature and ten-day appeal period applies, citing United States v. Petty, 82 F.3d 809, 810 (8th Cir. 1996), and United States v. Ono, 72 F.3d 101, 102-03 (9th Cir. 1995)). With or without a motion, the district court may grant an extension of time to file a notice of appeal of up to thirty days upon a showing of excusable neglect or good cause. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985). These time periods are mandatory and jurisdictional. United States v. Raynor, 939 F.2d 191, 197 (4th Cir. 1991).

When a criminal defendant's notice of appeal is filed more than ten days following judgment but within the thirty-day extension period, this court generally remands to the district court for the limited determination of whether there has been good cause or excusable neglect to excuse the late filing. Alternatively, this court may assess on its own whether excusable neglect or good cause exists for a defendant's delay in noting his appeal. See Reyes, 759 F.2d at 354.

- 2 -

The district court entered its order denying Tawalbeh's § 3582(c)(2) motion on April 30, 2007. The ten-day appeal period expired on May 14, 2007. See Fed. R. App. P. 26(a)(2) (providing "intermediate Saturdays, Sundays, and legal holidays" are excluded when time period is less than eleven days). The excusable neglect period expired on May 30, 2007. See Fed. R. App. P. 26(a)(3). Tawalbeh's notice of appeal was filed within the excusable neglect period.

We find good cause to excuse the delayed filing apparent from the record and we, therefore, reach the merits of the appeal. We have reviewed the record and find no reversible error in the district court's denial of Tawalbeh's § 3582(c)(2) motion. Accordingly, we affirm for the reasons stated by the district court. United States v. Tawalbeh, No. 7:97-cr-00024-sgw-0 (W.D. Va. Apr. 30, 2007). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -