# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3422

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Todd E. Matthews, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 7, 2008
Filed: March 12, 2008

_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.


Todd Matthews appeals the magistrate judge's denial of his 18 U.S.C. § 3582(c)(2) sentence-reduction motion. We conclude that jurisdiction is lacking. See Specialty Mills, Inc. v. Citizens State Bank, 51 F.3d 770, 773 (8th Cir. 1995) (court of appeals considers jurisdiction on its own motion). A section 3582(c)(2) motion is not a civil postconviction action, but a continuation of a criminal case. See United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003) (per curiam); see also United States v. Petty, 82 F.3d 809, 810 (8th Cir. 1996) (per curiam) (time limits for appealing in criminal cases apply to appeal from denial of § 3582(c)(2) motion). A magistrate judge may enter judgment in a civil action with consent of the parties, see

28 U.S.C. § 636(c)(1), while a district judge may designate a magistrate judge to prepare proposed findings of fact and recommendations for the disposition of applications for post-trial relief made by individuals convicted of criminal offenses, see 28 U.S.C. § 636(b)(1)(B). Accordingly, we dismiss the appeal for lack of jurisdiction and remand to the district court for further proceedings.

———————————————————