**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

DAVID JAMES SAINZ,
*Defendant-Appellant.*

Nos.  17-10310
17-10311
17-10312

D.C. Nos.
5:11-cr-00894-BLF-1
5:11-cr-00712-BLF-2
5:11-cr-00640-BLF-3

OPINION

Appeals from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted November 16, 2018
San Francisco, California

Filed August 12, 2019

Before:  A. Wallace Tashima and Milan D. Smith, Jr.,
Circuit Judges, and Lawrence L. Piersol,* District Judge.

Opinion by Judge Piersol

---

*The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, sitting by designation.

## SUMMARY[**]

### Criminal Law

Reversing the district court's denial of a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and remanding for further proceedings, the panel held that a district court may not *sua sponte* raise a defendant's waiver of the right to file a § 3582(c)(2) motion and deny the motion on that ground.

### COUNSEL

Carman A. Smarandoiu (argued), Chief, Appellate Unit; Steven G. Kalar, Federal Public Defender; Office of the Federal Public Defender, San Francisco, California; for Defendant-Appellant.

Merry J. Chan (argued), Assistant United States Attorney; J. Douglas Wilson, Chief, Appellate Division; United States Attorney's Office, San Francisco, California; for Plaintiff-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

PIERSOL, District Judge:

In this case of first impression, we consider whether a district court may *sua sponte* raise a defendant's waiver of the right to seek relief under 18 U.S.C. § 3582(c)(2) and deny the defendant's motion for resentencing on that ground. We hold that it may not. Accordingly, we reverse the district court's denial of David Sainz's motion for a sentence reduction.

## I. Background

In July 2012, Sainz pleaded guilty to six drug offenses. Sainz's advisory sentence range under the United States Sentencing Guidelines was 188–235 months in prison. The district court sentenced Sainz to 188 months in prison.

Sainz filed a notice of appeal, but later dismissed his appeals when he and the government entered into a post-conviction cooperation agreement. That agreement stated that Sainz's sentence would be reduced if he provided substantial assistance to the government. The agreement contained an express waiver of Sainz's right to seek relief under 18 U.S.C. § 3582(c)(2).

The government abided by its promise. It filed a motion to reduce Sainz's sentence under Federal Rule of Criminal Procedure 35(b)(2), and recommended a 151-month prison sentence. Sainz asked the court for the mandatory minimum sentence of 120 months in prison.

On October 21, 2014, the district court held a resentencing hearing. Sainz raised "the prospect of [an] additional two-point reduction for . . . the congressional

amendment, which doesn't take [e]ffect until Congress's failure to act on November 1st. Which I guess we can all expect." Sainz was referring to a forthcoming amendment to USSG § 2D1.1, which would lower by two levels the base offense level for Sainz's convictions. Although the amendment had not yet been enacted, the court agreed that the amendment was likely to take effect on November 1 because "[y]ou can expect Congress to do nothing." Sainz and the sentencing judge then engaged in a colloquy about whether the court could sentence Sainz below the 120-month mandatory minimum sentence. The court concluded that "Rule 35 opens the door to [a sentence] below the mandatory minimum . . . . The power of the court is such that I could reduce the sentence [below the mandatory minimum]."

The court sentenced Sainz to 120 months in prison. Following the imposition of the sentence, the government asked the court whether the sentence was "in contemplation of the expected two-level guideline reduction." The sentencing judge responded that he

> [had taken] that into consideration . . . I have taken [into] consideration the reduction that comes with that because of the motion made by the court, made and accepted by the court . . . [I] have before me the anticipation that the next week there will be a reduction of the sentence level . . . all of that consideration leads to my conclusion that a sentence of 120 months is sufficient under the circumstances.

In October 2015, Sainz moved for a reduction of his 120-month sentence under 18 U.S.C. § 3582(c)(2), which allows resentencing for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has

subsequently been lowered." Under Amendment 782, Sainz's Guidelines range had been reduced from 188–235 months in prison to 151–188 months in prison.

The district court[1] denied Sainz's motion. The court based its holding on the fact that "Sainz expressly waived the right to seek relief under 18 U.S.C. § 3582," even though neither party had raised the waiver. The court also declined to consider a reduction to Sainz's sentence *sua sponte* on the ground that "[the district court] expressly considered the potential effect of then-expected Amendment 782 in determining the appropriate sentence reduction for Sainz's cooperation."

## II. Standard of Review

This Court reviews for abuse of discretion a district court's decision to grant or deny a sentence reduction under 18 U.S.C. § 3582(c)(2). *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). "A district court may abuse its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *Id.* (quoting *United States v. Lightfoot*, 626 F.3d 1092, 1094 (9th Cir. 2010)). Whether a district court may *sua sponte* raise a defendant's waiver of the right to seek relief under 18 U.S.C. § 3582(c)(2) is a legal question, which we review de novo. *See United States v. Chaney,* 581 F.3d 1123, 1125 (9th Cir. 2009) (questions of law underlying a district court's denial of a motion under 18 U.S.C. § 3582(c)(2) are reviewed de novo).

---

[1] Judge D. Lowell Jensen, who originally sentenced Sainz in October 2014, retired from the bench in November 2014. Accordingly, the case was reassigned to Judge Beth Labson Freeman.

## III.    Discussion

We begin our analysis by noting that no circuit has directly addressed whether it is appropriate for a district court to invoke *sua sponte* a defendant's waiver in an agreement with the government of the right to file a § 3582(c)(2) motion.  Indeed, the government does not cite a single case in which a district court *sua sponte* raised the defendant's waiver of such a right after the government failed to raise it.

Although we have not addressed whether a district court may raise a defendant's waiver, we have concluded that, on appeal, courts should not raise waiver *sua sponte*.  If the government does not raise the argument in the district court that a defendant has waived the right to bring a § 3582(c)(2) motion in a plea agreement, we have held that the government has waived the right to make this argument on appeal. We addressed the issue tangentially in *United States v. Chaney*, 581 F.3d 1123 (9th Cir. 2009).  In *Chaney*, the defendant sought a sentence reduction under § 3582(c)(2). The district court denied the § 3582(c)(2) motion on the merits.  *See id.* at 1125.  In her plea agreement, the defendant had waived her rights "to appeal any aspect of her sentence as long as her sentence is no longer than the top of the sentencing guidelines range" and "to bring a post-conviction attack on her . . . sentence."  *Id.* at 1124 n.1.  Because the government had not sought to enforce the defendant's agreement not to seek a sentence reduction in the district court, we expressly declined to address whether the defendant waived her right to file the § 3582(c)(2) motion or to appeal from its denial.  *See id*.

We also declined to raise a waiver *sua sponte* in *Norwood v. Vance*, 591 F.3d 1062 (9th Cir. 2010).  There, we held that, even though the defendants may have waived

the issue of whether they were entitled to qualified immunity by failing to raise the issue in the district court, the plaintiff waived the waiver because he failed to raise it on appeal and instead addressed qualified immunity on the merits. *See id.* at 1068 ("[We] will not address waiver if not raised by the opposing party."). We addressed defendants' qualified immunity defense on the merits and concluded they were entitled to qualified immunity. *Id.* at 1070. The holding in *Norwood* on waiver was not unequivocal, however, because we also noted that even if we had discretion to *sua sponte* enforce the waiver, we would choose not to do so because "the more prudent course is to resolve the case on the basis of the issues actually briefed and argued by the parties." *Id.* at 1068.

The government, relying on two habeas cases, contends that the district court was permitted to *sua sponte* raise Sainz's waiver because the government was silent about the waiver and, therefore, its waiver was not shown to be intentional. *See Day v. McDonough*, 547 U.S. 198 (2006), and *Wood v. Milyard*, 566 U.S. 463 (2012). We conclude that neither case supports the government's argument.

In *Day*, which the government relied on for the first time at oral argument, the Supreme Court held that a district court had the authority to raise *sua sponte* the § 2244(d) statute of limitations defense and dismiss the petition as untimely even though the State's answer had expressly conceded the timeliness of the petition. 547 U.S. at 202. Because § 2244(d) is not jurisdictional, "courts are under no obligation to raise the time bar *sua sponte*." *Id.* at 205 (emphasis omitted). But the Court held that "the limitations defense resembles other threshold barriers—exhaustion of state remedies, procedural default, nonretroactivity—courts have typed 'nonjurisdictional,' although recognizing that

those defenses 'implicat[e] values beyond the concerns of the parties.'" *Id.* (quoting *Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000)). "The considerations of comity, finality, and the expeditious handling of habeas proceedings that motivated AEDPA . . . counsel against an excessively rigid or formal approach to the affirmative defenses now listed in Habeas Rule 5." *Id.* at 208 (citing *Granberry v. Greer*, 481 U.S. 129, 131–34 (1987)). The Court recognized that "it would make scant sense to distinguish in this regard AEDPA's time bar from other threshold constraints on federal habeas petitioners." *Id.* at 209. The Court also stated, however, that "should a State intelligently choose to waive a statute of limitations defense, a district court would not be at liberty to disregard that choice," *id.* at 210 n.11, as it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense," *id.* at 202.

The Court in *Day* concluded that the State's concession that the habeas petition was timely was a mistake that was patent on the face of the State's filings; the district court had "confronted no intelligent waiver on the State's part, only an evident miscalculation of the elapsed time under a statute designed to impose a tight time constraint on federal habeas petitioners." *Id.* at 202; *see also id.* at 203 (explaining that the State had miscalculated the deadline by "[o]verlooking controlling Eleventh Circuit precedent"). There was "nothing in the record suggest[ing] that the State 'strategically' withheld the defense or chose to relinquish it." *Id.* at 211. Accordingly, the Court held that the district court had the discretion to raise the issue.[2]

---

[2] But "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions," it must "assure itself that the petitioner is not significantly prejudiced by the

*Day* does not support the weight that the government puts on it.  The State in *Day* made a mistake in calculating the tolled time for the statute of limitations, and the district court confronted a petition that was obviously untimely.  Here, the government never claimed in its appellate brief that it inadvertently failed to invoke Sainz's waiver, and there is no obvious mistake about the waiver as there was in the State's calculation of the tolled time in *Day*.  Instead, the government omitted an argument based on facts of which it was well aware:  Sainz had waived his right to file a § 3582(c)(2) motion as part of the post-conviction cooperation agreement that the government entered into with him.  Nevertheless, the government never relied on that waiver when addressing the § 3582(c)(2) motion before the district court. Furthermore, the policy concerns surrounding § 2254 habeas petitions and the rules that favor allowing the district court to raise the timeliness of a habeas petition *sua sponte* are not present in this case.  For these reasons we find that *Day* is not applicable to this case.

*Wood* also is not persuasive authority for the government's position.  In *Wood*, the movant filed a § 2254 habeas petition that was arguably untimely.  *Wood*, 566 U.S. at 474.  The State told the district court that it would not challenge the timeliness of the petition and the district court addressed the petition on the merits.  *Id.*  The Supreme Court

---

delayed focus on the limitation issue," and it must "determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred." *Id.* at 210 (quoting *Granberry*, 481 U.S. at 136) (other citations and quotations omitted). Here, Sainz was not given notice and an opportunity to address waiver, he was prejudiced when his motion for a sentence reduction was denied based on the waiver, and the record shows that the government waived the waiver. These considerations support our conclusion that the district court should not have *sua sponte* raised Sainz's waiver.

ruled that, given that the State deliberately waived its challenge to the timeliness of the petition, the Tenth Circuit abused its discretion by ignoring the district court's review of the merits of Wood's petition and *sua sponte* dismissing the petition on statute of limitations grounds. *Id.* (noting that "the State . . . deliberately steered the District Court away from the question and towards the merits of Wood's petition").

The government argues that, in contrast to *Wood*, there is no evidence it intentionally refrained from invoking Sainz's waiver of his right to file a § 3582(c)(2) motion, and thus the district court properly denied the motion by *sua sponte* raising Sainz's waiver.

But the situation here differs from *Wood*. The government's silence about Sainz's waiver did not lead the district court to ask if the government wished to intentionally relinquish or abandon the defense, and the government did not expressly disavow the waiver. The government has not pointed to any evidence in the record that it inadvertently failed to raise Sainz's waiver below. We decline to hold that the government's silence about a defendant's waiver of the right to file a § 3582(c)(2) motion allows the district court to *sua sponte* raise the waiver.

Indeed, we have held that the government can waive waiver by failing to assert it. *United States v. Tercero*, 734 F.3d 979, 981 (9th Cir. 2013) ("It is well-established that the government can waive waiver implicitly by failing to assert it.") (quoting *Norwood*, 591 F.3d at 1068). In other words, the government must do more than remain silent; it must expressly invoke the waiver to avoid waiving it. Accordingly, because the *Day* and *Wood* habeas cases do not control the outcome here, under our law and the circumstances in this case, it would be an abuse of discretion

for the court to conclude that the government's silence and failure to invoke the waiver of the right to file the § 3582(c)(2) motion allows the district court to raise the waiver on its own volition.

We are also persuaded by the reasoning of several circuits that have declined to raise *sua sponte* a defendant's waiver of his right to appeal his sentence if the government did not raise the issue. The Tenth Circuit has recognized that the obligation to raise a waiver of a right to appeal rests solely with the government; if the government does not raise the issue, it is forfeited. *See United States v. Calderon*, 428 F.3d 928 (10th Cir. 2005). The Tenth Circuit explained that one of the reasons for this result, "rooted in the adversarial character of litigation," is that in some cases "the government might conclude that justice would be better served by allowing a criminal defendant to appeal a wrongful sentence, even when the plea agreement included an appeal waiver." *Calderon*, 428 F.3d at 931. Likewise, in *United States v. Garner*, 519 F.App'x 823 (4th Cir. 2013), the Fourth Circuit stated its policy not to *sua sponte* raise a defendant's waiver of his right to appeal. *See id.* at 825 (citing *United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007); *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005)).

Sainz relies heavily on *Burgess v. United States*, 874 F.3d 1292 (11th Cir. 2017), where the defendant expressly waived his right to bring a § 2255 motion as part of his plea agreement and, after he filed a § 2255 motion, the government did not argue that the defendant had waived this right. The district court, *sua sponte* and without notice to the parties, denied one of the § 2255 claims based on the waiver, even though the government did not invoke it. *Id.* at 1294–95. The Eleventh Circuit reversed, holding that the rules

applicable to civil cases rather than the reasoning of *Day* and *Wood* apply to a waiver of the right to file a § 2255 motion. *See id.* at 1299. Those rules require the parties to assert affirmative defenses. *See id.* at 1296–97. The Eleventh Circuit distinguished the concerns underlying a district court's *sua sponte* raising a habeas procedural defense such as timeliness in *Day* and *Wood* from a district court's invocation of a collateral-action waiver in a privately negotiated plea agreement.

First, the latter "does not reflect an institutionally determined judgment that concerns of finality and judicial economy generally outweigh the interest of ensuring that a defendant has been convicted and sentenced within the bounds of the law." *Id.* at 1299. Second, allowing courts *sua sponte* to invoke collateral-attack waivers contravenes "the usual rule in our party-presentation system," which "requires the parties to invoke their own claims and defenses." *Id.* at 1300. "If a court engages in what may be perceived as the bidding of one party by raising claims or defenses on its behalf, the court may cease to appear as a neutral arbiter, and that could be damaging to our system of justice." *Id.* Third, "the neutral-arbiter concern is particularly apt when the court invokes an affirmative defense on behalf of the government, where the only source of the defense stems from the plea agreement." *Id.* The Eleventh Circuit noted that the integrity of the courts could be impaired if they invoke the benefits of plea agreements on behalf of the government when Federal Rule of Criminal Procedure 11(c)(1) prohibits courts from participating in plea-negotiations in the first instance.

Applying the Civil Rules, the Eleventh Circuit held that the government must expressly invoke a § 2255 waiver; otherwise, the district court may not invoke it. *See id.* at

1301. The court may, however, ask the government whether it intends to rely on the waiver and entertain a motion to amend the pleadings by the government if its initial response failed to invoke the waiver. *Id.*

Although § 3582(c)(2) proceedings, unlike § 2255 proceedings, are deemed criminal in nature, *see United States v. Ono*, 72 F.3d 101, 102 (9th Cir. 1995), we conclude that the Eleventh Circuit's analysis in *Burgess* is persuasive. We thus apply the same principles to the government's failure to raise a § 3582(c)(2) waiver and hold that district courts are not allowed to raise the waiver *sua sponte.* Just as a party may waive a contract provision that is beneficial to it, the government may waive a beneficial provision in a plea agreement. When the district court raises the issue *sua sponte*, it risks becoming an advocate for the government, undermining the principle of party presentation. As the Supreme Court has reasoned:

> [Courts] do not, or should not, sally forth each day looking for wrongs to right. We wait for cases to come to us, and when they do we normally decide only questions presented by the parties. Counsel almost always know a great deal more about their cases than we do, and this must be particularly true of counsel for the United States, the richest, most powerful, and best represented litigant to appear before us.

*Greenlaw v. United States*, 554 U.S. 237, 244 (2008) (quoting *United States v. Samuels*, 808 F.2d 1298, 1301 (8th Cir. 1987) (R. Arnold, J., concurring in denial of reh'g en banc)). The better method, consistent with our system of party presentation, is to entrust to counsel for the

government the decision whether to enforce the waiver of a right to file a § 3582(c)(2) motion for a sentence reduction.

Here, the United States was represented by an Assistant United States Attorney who undoubtedly was familiar with the record and Sainz's waiver of his right to file a § 3582(c)(2) motion, a term the government negotiated for as part of the post-conviction cooperation agreement. There could be many reasons why the government did not raise the issue of waiver in the district court even though it had bargained for the waiver.[3]  "But as a general rule, our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief." *Greenlaw*, 554 U.S. at 244 (quoting *Castro v. United States*, 540 U.S. 375, 386 (2003)) (internal quotation marks omitted) (Scalia, J., concurring in part and concurring in judgment).  "The rule that points not argued will not be considered is more than just a prudential rule of convenience; its observance, at least in the vast majority of cases, distinguishes our adversary system of justice from the inquisitorial one." *United States v. Burke*, 504 U.S. 229, 246

---

[3] In his opening brief, Sainz's counsel stated:

> The government's approach in Mr. Sainz's case is consistent with its approach throughout litigation of sentence reduction motions under Amendment 782 in the Northern District of California. To undersigned counsel's knowledge, the government did not invoke the § 3582(c)(2) waivers in any of the many cases where such waivers existed and indeed the parties proceeded via stipulation in the vast majority of those cases.

The government did not deny or otherwise respond to this representation in its appellate brief.

(1992), *superseded by statute on other grounds*, (Scalia, J., concurring). Accordingly, when the government fails to raise waiver in the district court and chooses to litigate a § 3582(c)(2) motion on the merits, the district court abuses its discretion if it raises the defendant's waiver *sua sponte*.

## IV.    Conclusion

Because the government waived Sainz's waiver of his right to file a § 3582(c)(2) motion by failing to raise it in the district court, the district court abused its discretion by raising the waiver *sua sponte*. Therefore, we reverse the district court's denial of the § 3582(c)(2) motion on waiver grounds and remand this case to the district court for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**.