**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10456 |
| Plaintiff-Appellee, | D.C. No. 5:11-cr-00090-LHK-20 |
| v. | |
| ALAN CHARLES TINKER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted February 4, 2020[**]

Before:    FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Alan Charles Tinker appeals pro se from the district court's denial of his motion to proceed in forma pauperis ("IFP").  We have jurisdiction under 28 U.S.C. § 1291.  We review for abuse of discretion, *see Rodriguez v. Steck*, 795 F.3d 1187, 1188 (9th Cir. 2015) (order), and we vacate the district court's order,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*see United States v. Lopez*, 913 F.3d 807, 825 (9th Cir. 2019) (legal error meets the abuse of discretion standard).

The district court initially denied Tinker's application to proceed IFP because Tinker failed to explain why he needed IFP status. Tinker sought reconsideration, stating that he needed IFP status to obtain his sentencing transcript,[1] which would allow him to qualify for certain benefits in prison and to seek relief under 18 U.S.C. § 3582(c)(2). The district court again denied Tinker's motion, finding that although Tinker had demonstrated he was incapable of paying court fees, he was not entitled to IFP status because he waived his right to seek section 3582(c)(2) relief in his plea agreement.

In a decision published after the district court decided Tinker's motion, we held that a district court may not sua sponte raise a section 3582(c)(2) waiver. *See United States v. Sainz*, 933 F.3d 1080, 1087 (9th Cir. 2019) ("[W]hen the government fails to raise waiver in the district court and chooses to litigate a § 3582(c)(2) motion on the merits, the district court abuses its discretion if it raises the defendant's waiver *sua sponte*."). Because the district court invoked Tinker's section 3582(c)(2) waiver to deny his IFP application, we vacate its order denying IFP status. By this disposition, we express no opinion on the merits of any

---

[1] The government provided a copy of Tinker's sentencing transcript in its excerpts of record on appeal. Thus, Tinker now has access to that transcript.

possible sentence reduction motion, or on the enforceability of the section 3582(c)(2) waiver if it is invoked by the government.[2]

**VACATED.**

---

[2] In his opening brief, Tinker argues that the section 3582(c)(2) waiver is unenforceable because the district court rejected the plea agreement at sentencing. We leave that determination for the district court, in the event Tinker files a section 3582(c)(2) motion and the government seeks to enforce the waiver.