**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30099 |
| Plaintiff-Appellee, | D.C. No. 1:02-cr-00133-SPW-1 |
| v. | |
| JACKSON BRYANT BAUGUS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted March 3, 2020**

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Jackson Bryant Baugus appeals pro se from the district court's order denying his motion for "Plain-Error Review, Fed. R. Crim. Proc. 52(b)," and its order denying his motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Baugus's motion alleged various Guidelines calculation and other sentencing errors. Because these claims challenged the legality of Baugus's sentence, the district court did not err in treating his motion as one arising under 28 U.S.C. § 2255. *See Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012) ("A motion under § 2255 is generally the exclusive remedy for a federal prisoner who seeks to challenge the legality of confinement."). Moreover, the district court correctly concluded that it lacked jurisdiction to consider his claims because he had not obtained authorization from this court to file a second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h); *United States v. Lopez*, 577 F.3d 1053, 1061 (9th Cir. 2009). Finally, the district court was not required to refer Baugus's unauthorized motion to this court, *see* 9th Cir. R. 22-3(a).

Baugus also argues on appeal that the district court erred when it granted in part his 18 U.S.C. § 3582(c)(2) motion and reduced his sentence to 272 months. This argument is not properly before the court because Baugus did not make it in the Rule 52(b) motion at issue in this appeal. Even if Baugus's notice of appeal could be construed to evince an intent to appeal the district court's earlier order granting the reduction under § 3582(c)(2), it was untimely. *See* Fed. R. App. P. 4(b); *United States v. Ono*, 72 F.3d 101, 102-03 (9th Cir. 1995) (because an order granting or denying a § 3582(c)(2) motion is "criminal in nature," an appeal from such an order must be brought within the time limits set by Federal Rule of

19-30099

Appellate Procedure 4(b)). Because the government has raised this timeliness bar,

we will not consider Baugus's arguments regarding his § 3582(c)(2) motion. *See*

*United States v. Sadler*, 480 F.3d 932, 942 (9th Cir. 2007).

**AFFIRMED.**